# EXHIBIT A

3/26/20 @ 12PM

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** HEALTH ADVANCES, LLC, and DOES 1 through
*(AVISO AL DEMANDADO):* 50. inclusive,

Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** VIANKA DUVERGLAS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street<br>San Francisco, California 94102-4515 | CASE NUMBER<br>*(Número del Caso):*<br>**CGC-20-583837** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DANIEL L FEDER SBN 130867
THE LAW OFFICE OF DANIEL FEDER, 235 MONTGOMERY ST #1019, SAN FRANCISCO, CA 94104 415-391-9476

| DATE:<br>*(Fecha)* MAR 1 8 2020 | Clerk, by<br>*(Secretario)* | **ANGELICA SUNGA** | Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Health Advances, LLC

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17061 Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff
VIANKA DUVERGLAS

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

**MAR 1 8 2020**

**CLERK OF THE COURT**
BY: **ANGELICA SUNGA**
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VIANKA DUVERGLAS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: **C G C - 2 0 - 5 8 3 8 3 7**<br><br>**COMPLAINT FOR DAMAGES**<br>1. Disability Discrimination in Violation of FEHA;<br>2. Failure to Prevent Discrimination, and/or Harassment in Violation of FEHA;<br>3. Retaliation<br>4. Wrongful Termination in Violation of Public Policy.<br>5. Failure to Accommodate<br>6. Failure to Engage in the Good Faith Interactive Process<br>7. Retaliation in Violation of Labor Code Section 1102.5 |

Plaintiff VIANKA DUVERGLAS (hereafter "Plaintiff" or "DUVERGLAS") complains as follows:

## THE PARTIES

1.   Plaintiff is an individual over the age of 18 and is a resident of the State of California.

2.   The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50, inclusive, are unknown to Plaintiff. Plaintiff therefore sues such defendants by such fictitious names and will amend this complaint to insert their true names and

Plaintiff's Complaint for Damages  BY FAX

1  capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each

2  such fictitiously named defendant is in some manner, means or degree, connected with the

3  matters alleged and is liable to Plaintiff thereon.

4      3.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

5  mentioned each of the defendants was the agent and/or employee of each of the remaining

6  defendants and, in doing the things hereinafter alleged, was acting within the course and scope of

7  such agency and/or employment.

8  **STATEMENT OF FACTS**

9      4.    · Plaintiff Vianka Duverglas ("Plaintiff") was employed by Defendant Health

10  Advances, LLC ("Defendant") beginning on September 5, 2018, as an Office Administrator, on a

11  full-time basis. Plaintiff was earning $60,000.00 per year. Plaintiff's immediate supervisor was

12  Vivek Mittal ("_Vivek__"). Defendant employed approximately 150 employees, at three

13  locations throughout the Bay Area, Massachusetts and Switzerland. Plaintiff worked in the San

14  Francisco office, located at 601 Montgomery Street, San Francisco, CA .

15      5.     On April 13, 2019; Plaintiff was injured and was diagnosed with a torn ACL and

16  ruptured meniscus. On April 14, 2018, Plaintiff immediately informed Vivek and other

17  colleagues of the injury, and informed Defendant that she would be off of work April 13, 2019

18  through April 22, 2019. from physician/Ortho specialist. Additionally, Defendant was sent a

19  medical note from Plaintiff's doctor, informing of the injury, and stated that "this return to work

20  date is based on expected clinical progress and may need to be modified based on actual clinical

21  progress" (essentially when she could walk properly without pain and further damage to her

22  knee).

23      6.     On or about April 16, 2019 Plaintiff received a response to her email. Initially, the

24  response from HR and her supervisor was positive. They wished her a speedy recovery and she

25  informed them that she would keep Defendant updated with clinical progress.

26      7.     April 23, 2019 Defendant sent email to plaintiff about needing a "Fitness for Duty

27  to Return to Work Form". Plaintiffs physician returned the form stating that plaintiff will be off of

28  work through May 6th, 2019. Plaintiff returned to work on Monday May 6th, 2019. Plaintiff was

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

2<br>**Plaintiff's Complaint for Damages**

scheduled for surgery on May 30, 2019. Plaintiffs last day of work before surgery was May 17, 2019. On June 4, 2019 Defendant sent an email of termination to plaintiff stating the office manager position was insufficient for a full time position. As a result the office administrator position was terminated with Health Advances.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff has filed an administrative charge with the Department of Fair Employment and Housing and received a right to sue letter

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION VIOLATION OF GOV. CODE § 12940 ET SEQ.

(Against DEFENDANTS and Does 1-25)

9.      PLAINTIFF incorporates by reference the allegations set forth above as though fully restated herein.

10.     At all times relevant herein, PLAINTIFF was employed by Defendants, and/or DOES 1–25, and each of them.

11.     The FEHA requires defendants to refrain from discrimination against an employee on the basis of disability.

12.     Defendants, and/or DOES 1–25, and each of them, made decisions that adversely affected PLAINTIFF in regards to the terms, conditions and privileges of employment culminating in her termination, on the basis of her disability.

13.     As a direct, proximate, and foreseeable result of Defendants' conduct, and/or DOES 1-25, and each of their, acts and/or failures to act, as alleged herein, PLAINTIFF has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to PLAINTIFF's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

14.     Defendants, and/or DOES 1-25, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring

The Law Office of Daniel Feder ♦ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

1    PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious

2    disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is·

3    justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees

4    acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.

5    PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount

6    sufficient to punish Defendant, and/or DOES 1-25, and each of them, in an amount to be proven

7    in trial.

8        WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more

9    fully set forth below.

### SECOND CAUSE OF ACTION

#### FAILURE TO PREVENT DISCRIMINATION AND/OR HARASSMENT

#### IN VIOLATION OF GOV. CODE § 12940 ET SEQ.

(Against the DEFENDANTS and Does 1-25)

15    15.    PLAINTIFF incorporates by reference the allegations set forth above as though

16    fully restated herein.

17    16.    At all times relevant herein, PLAINTIFF was employed by DEFENDANTS and/or

18    DOES 1-25, and each of them.

19    17.    At all times mentioned herein, DEFENDANTS were prohibited by California

20    Government Code §12940, et seq., among other California statutes, from failing to take all

21    reasonable steps necessary to prevent discrimination, retaliation, and/or harassment from

22    occurring.

23    18.    Defendants subjected PLAINTIFF to discrimination and harassment and/or ratified

24    discriminatory and harassing conduct towards PLAINTIFF and retaliated against her for opposing

25    practices prohibited by FEHA.  PLAINTIFF is informed and believes, and thereon alleges, that

26    Defendant failed to act and/or to take all reasonable steps necessary to prevent discrimination and

27    harassment from occurring.

28    19.    On information and belief, the DEFENDANTS failed to maintain and implement

4

**Plaintiff's Complaint for Damages**

1   and/or enforce adequate policies and procedures, failed to provide adequate training of personnel,

2   and failed to take other reasonable steps necessary to prevent the violations of the FEHA alleged

3   herein from occurring.

4   20.    The above-described actions and omissions of the Defendants constitute failure to

5   prevent discrimination and retaliation under the FEHA.

6   21.    As a direct and proximate result of Defendants' conduct, and/or DOES 1-25, and

7   each of their, their acts and/or failure to act, PLAINTIFF has suffered injury, damage, loss and

8   harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and

9   emotional distress, and discomfort, all of which amount to PLAINTIFF's damage which totals in

10  excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

11  22.    Defendants, and/or DOES 1-25, and each of them, committed the acts herein

12  alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring

13  PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious

14  disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is

15  justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees

16  acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.

17  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount

18  sufficient to punish Defendant, and/or DOES 1-25, and each of them, in an amount to be proven

19  in trial.

20  WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more

21  fully set forth below.

### THIRD CAUSE OF ACTION

**RETALIATION IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.**

(Against DEFENDANTS and Does 1-25)

23.    PLAINTIFF incorporate by reference the allegations set forth above as though fully

restated herein.

24.    At all times herein mentioned, DEFENDANT qualified as an "employer" as defined

within California Fair Employment and Housing Act (California Government Code 12940, et.

The Law Office of Daniel Feder • San Francisco, CA 94104
235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

1    seq., or "FEHA"), in that DEFENDANT regularly employed five or more workers.

2        25.    FEHA, California Government Code § 12940(k)(4) et seq., and other applicable

3    provisions, make it unlawful for any employer to retaliate against an employee for engaging in

4    activity protected by FEHA.

5        26.    After PLAINTIFF made a request for accommodation of her disability, and

6    DEFENDANT retaliated against by terminating her.

7        27.    As a direct and proximate result of the unlawful conduct of DEFENDANTS,

8    PLAINTIFF has suffered damages including but not limited to past and future loss of income,

9    benefits, and other damages to be proven at time of trial.

10        28.    As a direct and proximate result of DEFENDANT'S actions against PLAINTIFF,

11    as alleged above, PLAINTIFF has suffered and will continue to suffer severe mental and

12    emotional distress, including but not limited to frustration, depression, nervousness, anxiety and

13    loss of self-worth, and damage her reputation.

14        29.    The unlawful conduct alleged above was engaged in by the officers, directors,

15    supervisors and/or managing agents of DEFENDANTS, and each of them, who were acting at all

16    times relevant to this Complaint within the scope and course of their employment.

17        30.    DEFENDANTS' actions directed at PLAINTIFF were carried out by supervising

18    employees acting in a deliberate, callous and intentional manner in order to injure and damage

19    PLAINTIFF.

20        31.    DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and

21    oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and

22    evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights, and such

23    acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing

24    agents of DEFENDANTS.  PLAINTIFF is therefore entitled to recover and herein prays for

25    punitive damages in an amount sufficient to punish and deter DEFENDANT and others for such

26    conduct.

27        32.    PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in the

28    prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under all

1    applicable provisions of law.

2          WHEREFORE, PLAINTIFF prays for judgment as set forth below.

3    **FOURTH CAUSE OF ACTION**

4    **Wrongful Termination in Violation of Public Policy**

5    (Against the DEFENDANTS and Does 1-25)

6        33.    PLAINTIFF incorporates by reference the allegations set forth above as though

7    fully restated herein.

8        34.    At all times relevant herein, PLAINTIFF was employed by the DEFENDANTS

9    until her termination.

10        35.    California has a fundamental, substantial, and well-established public policy, as

11    expressed in FEHA and other laws and regulations, against discrimination, harassment, and

12    retaliation in the workplace. DEFENDANT violated these important public policies by

13    terminating PLAINTIFF, because of PLAINTIFF's disability, her requests for leave, her requests

14    for accommodation and her complaints to management about the manner in which they were

15    treating her complaints.

16        36.    As a direct and proximate result of the unlawful conduct of PLAINTIFF has

17    suffered damages including but not limited to past and future loss of income, benefits, and other

18    damages to be proven at time of trial.

19        37.    As a direct and proximate result of DEFENDANTS' actions against PLAINTIFF,

20    as alleged above, PLAINTIFF has suffered and will continue to suffer severe mental and

21    emotional distress, including but not limited to frustration, depression, nervousness, anxiety and

22    loss of self-worth, and damage to her reputation.

23        38.    The unlawful conduct alleged above was engaged in by the officers, directors,

24    supervisors and/or managing agents of DEFENDANTS, and each of them, who were acting at all

25    times relevant to this Complaint within the scope and course of their employment.

26        39.    DEFENDANTS' actions directed at PLAINTIFF were carried out by supervising

27    employees acting in a deliberate, callous and intentional manner in order to injure and damage

28    PLAINTIFF.

The Law Office of Daniel Feder ♦ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

40.     DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing agents of DEFENDANT.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

41.     As a result of the conduct of DEFENDANTS' conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights.  Accordingly, PLAINTIFF seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment as more fully set forth below.

## FIFTH CAUSE OF ACTION

### Failure to Accommodate in Violation of Government Code § 12940

(Against All Defendants)

42.     Plaintiff incorporates all previously paragraphs as though fully set forth herein.

43.     Defendants had an affirmative duty to make a reasonable accommodation for Plaintiff's disability.  The duty arises even if Plaintiff did not request an accommodation.

44.     Here, Plaintiff requested that she be allowed to work in her position as a Radiology Technologist with reasonable accommodations. Defendants failed to accommodate those restrictions and terminated Plaintiff's employment to avoid having to further accommodate her request for accommodations.

45.     At all relevant times, Defendants had actual and constructive knowledge of the failure to accommodate described and alleged herein, and condoned, ratified and participated in the discrimination.

46.     Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants' ratification of the wrongful conduct of the managers of Defendants.  Accordingly, Plaintiff is

1   entitled to recover punitive damages from Defendants.

2      47.    By reason of the conduct of Defendants and each of them as alleged herein,

3   Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore

4   entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and

5   costs, incurred in bringing the within action. As a result of Defendants' and each of their

6   actions, Plaintiff sustained economic damages to be proven at trial. As a further result of

7   Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in

8   damages to be proven at trial.

9      48.    The above discriminatory conduct violates FEHA, Government Code §§ 12940

10   and 12941 and California Public Policy and entitles Plaintiff to all categories of damages,

11   including exemplary or punitive damages.

12         WHEREFORE, Plaintiff prays for judgment as more fully set forth herein.

13                          **SIXTH CAUSE OF ACTION**

14   **Failure to Engage in the Good Faith Interactive Process in Violation of Government**

15                          **Code § 12940, *et seq.***

16                          (Against All Defendants)

17      49.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

18      50.    Defendants, and each of them, were required under California Government Code

19   §12940, et seq., among other California statutes, to engage in an interactive dialogue with all

20   qualified, disabled employees, designed to find ways to reasonably accommodate said

21   employees' disabilities in the workplace (the "interactive process").

22      51.    Plaintiff was a qualified disabled employee. Defendants were, therefore,

23   required to engage in the interactive process with Plaintiff.

24      52.    Defendants, and each of them, failed to engage in the interactive process with

25   Plaintiff.

26      53.    As a direct, proximate and foreseeable result of Defendants' acts and failures to

27   act as alleged herein, plaintiff has suffered and continues to suffer substantial losses in

28   earnings and employment benefits, injury to her career and reputation and extreme and

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

1   enduring emotional distress including but not limited to humiliation, shock, embarrassment,

2   fear, anxiety and discomfort, all to his damage in an amount to be determined according to

3   proof at trial.

4       54.    Defendants and each of them, committed the acts herein alleged despicably,

5   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff,

6   and acted with an improper and evil motive amounting to malice and in conscious disregard of

7   plaintiff's rights.  Because the acts taken toward plaintiff were carried out by managerial

8   employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to

9   injure and damage plaintiff, he is entitled to punitive damages from Defendants, and each of

10  them, in an amount according to proof.

11  WHEREFORE, Plaintiff prays for judgment as more fully set forth herein.

## SEVENTH CAUSE OF ACTION

### Retaliation in Violation of Labor Code Section 1102.5

(AGAINST ALL DEFENDANTS)

15      55.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

16      56.    Defendants, through their agents and employees engaged in a pattern and

17  practice of retaliating against Plaintiff for complaining Defendants' failure to accommodate

18  her work restrictions.  Defendants also engaged in legally protected activity when she

19  requested medical leaves.

20      57.    Plaintiff was subjected to an adverse employment action because of her requests

21  for modified work duties, and Defendants' failure to engage in the good faith interactive

22  process with her around her request for modified work duties.

23      58.    Defendants' acts were malicious, oppressive or fraudulent with intent to vex,

24  injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or

25  safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants'

26  ratification of the wrongful conduct of the managers of Defendants.  Accordingly, Plaintiff is

27  entitled to recover punitive damages from Defendants.

28      59.

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder ♦ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

### EIGHTH CAUSE OF ACTION

**RETALIATION IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.**

(Against DEFENDANT and Does 1-25)

65.     PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

66.     At all times herein mentioned, DEFENDANTS qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that DEFENDANTS regularly employed five or more workers.

67.     Plaintiff requested and received medical leave pursuant to Government Code Section 12945.2, et seq. ("CFRA"). After Plaintiff took medical leave, Defendants terminated her employment in retaliation for her exercising her rights to take medical leave under FEHA.

68.     As a direct and proximate result of the unlawful conduct of DEFENDANTS, PLAINTIFF has suffered damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

69.     As a direct and proximate result of DEFENDANTS' actions against PLAINTIFF, as alleged above, PLAINTIFF has suffered and will continue to suffer severe mental and emotional distress, including but not limited to frustration, depression, nervousness, anxiety and loss of self-worth, and damage her reputation.

70.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of DEFENDANTS, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.

71.     DEFENDANTS' actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.

72.     DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, and in conscious disregard for PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing

agents of DEFENDANTS.  PLAINTIFF is therefore entitled to recover and herein prays for

punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such

conduct.

73.    PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in the

prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under all

applicable provisions of law.

WHEREFORE, Plaintiff makes the following demand:

(a)    That process be issued and served as provided by law, requiring Defendants, and

each of them, to appear and answer or face judgment;

(b)    For general, special, actual, compensatory and/or nominal damages, as against

Defendants, and each of them, in an amount to be determined at trial;

(c)    For back pay and other benefits Plaintiff would have been afforded but-for

Defendants', and each of their, unlawful conduct;

(d)    For declaratory relief, as against Defendants, and each of them, in an amount to be

determined at trial;

(e)    For statutory penalties as allowed by law;

(f)    For costs and expenses of this litigation;

(g)    For reasonable attorneys' fees where appropriate.

(h)    For pre and post-judgment interest on all damages and other relief awarded herein

from all entities against whom such relief may be properly awarded; and,

(i)    For all such other relief as this Court deems just and appropriate.

Dated: March 13, 2020              Law Offices of Daniel Feder

DANIEL FEDER
Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: March 13, 2020              Law Offices of Daniel Feder

DANIEL FEDER
Attorneys for Plaintiff

12

**Plaintiff's Complaint for Damages**

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DANIEL L FEDER SBN 130867          SBN: <br> THE LAW OFFICE OF DANIEL FEDER <br> 235 MONTGOMERY ST #1019, SAN FRANCISCO, CA 94104 <br> TELEPHONE NO.: 415-391-9476          FAX NO.: 415-391-9432 <br> ATTORNEY FOR (Name): Vianka Duverglas | **ENDORSED** <br> **FILED** <br> San Francisco County Superior Court <br><br> **MAR 1 8 2020** <br><br> **CLERK OF THE COURT** <br> BY: **ANGELICA SUNGA** <br> Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> STREET ADDRESS: 400 McAllister Street <br> MAILING ADDRESS: 400 McAllister Street <br> CITY AND ZIP CODE: San Francisco, 94102-4515 <br> BRANCH NAME: Civic Center Courthouse | |
| CASE NAME: Duverglas v. Health Advances LLC | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited <br> (Amount          (Amount <br> demanded        demanded is <br> exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CGC - 20 - 583837 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) <br> [ ] Other collections (09) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property <br> Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) <br> [ ] Other contract (37) | [ ] Mass tort (40) <br> [ ] Securities litigation (28) |
| [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse <br>      condemnation (14) <br> [ ] Wrongful eviction (33) | [ ] Environmental/Toxic tort (30) <br> [ ] Insurance coverage claims arising from the <br>      above listed provisionally complex case <br>      types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) | [ ] Enforcement of judgment (20) <br><br> **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) | [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) | [ ] RICO (27) <br> [ ] Other complaint (not specified above) (42) <br> **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) <br> **Employment** <br> [X] Wrongful termination (36) <br> [ ] Other employment (15) | [ ] Petition re: arbitration award (11) <br> [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | [ ] Partnership and corporate governance (21) <br> [ ] Other petition (not specified above) (43) |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): Seven
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 13, 2020

DANIEL L FEDER SBN 130867
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder™ |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**CIVIL CASE COVER SHEET**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 10, 2020

Daniel Feder
235 Montgomery Street, #1019
San Francisco, California 94104

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202002-09215610
      Right to Sue: Duverglas / Health Advances, LLC

Dear Daniel Feder:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 10, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202002-09215610
      Right to Sue: Duverglas / Health Advances, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 10, 2020

Vianka Duverglas
235 Montgomery Street , Suite 1019
San Francisco, California 94104

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202002-09215610
       Right to Sue: Duverglas / Health Advances, LLC

Dear Vianka Duverglas,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
February 10, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

2

3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

5

**In the Matter of the Complaint of**
Vianka Duverglas                                    DFEH No. 202002-09215610

6

7

Complainant,

vs.

8

9

Health Advances, LLC
8 Federal Street
Billerica, Massachusetts 01821

10

Respondents

11

12

13

1. Respondent **Health Advances, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

2. Complainant **Vianka Duverglas**, resides in the City of **San Francisco** State of **California.**

15

16

3. Complainant alleges that on or about **June 4, 2019**, respondent took the following adverse actions:

17

18

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

19

20

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated.

21

22

23

24

25

**Additional Complaint Details:** Plaintiff Vianka Duverglas ("Plaintiff") was employed by Defendant Health Advances, LLC ("Defendant") beginning on September 5, 2018, as an Office Administrator, on a full-time basis. Plaintiff was earning $60,000.00 per year. Plaintiff's immediate supervisor was Vivek Mittal ("_Vivek__"). Defendant employed approximately 150 employees, at three locations throughout the Bay Area, Massachusetts and Switzerland. Plaintiff worked in the San Francisco office, located at 601 Montgomery Street, San Francisco, CA .

26

27

28

Date Filed: February 10, 2020

1 | On April 13, 2019; Plaintiff was injured and was diagnosed with a torn ACL and
2 | ruptured meniscus.  On April 14, 2018, Plaintiff immediately  informed Vivek and
other colleagues of the injury, and informed Defendant that she would be off of work
3 | April 13, 2019 through April 22, 2019. from physician/Ortho specialist.  Additionally,
Defendant was sent a medical note from Plaintiff's doctor, informing of the injury,
4 | and stated that "this return to work date is based on expected clinical progress and
may need to be modified based on actual clinical progress" (essentially when she
5 | could walk properly without pain and further damage to her knee).
On or about April 16, 2019 Plaintiff received a response to her email. Initially, the
6 | response from HR and her supervisor was positive.  They wished her a speedy
7 | recovery and she informed them that she would keep Defendant updated with
clinical progress.
8 | April 23, 2019 Defendant sent email to plaintiff about needing a "Fitness for Duty to
Return to Work Form". Plaintiffs physician returned the form stating that plaintiff will
9 | be off of work through May 6th, 2019. Plaintiff returned to work on Monday May 6th,
2019. Plaintiff was scheduled for surgery on May 30, 2019. Plaintiffs last day of work
10 | before surgery was May 17, 2019. On June 4, 2019 Defendant sent an email of
11 | termination to plaintiff stating the office manager position was insufficient for a full
time position. As a result the office administrator position was terminated with Health
12 | Advances.

-2-
Complaint – DFEH No. 202002-09215610

Date Filed: February 10, 2020

1 VERIFICATION

2 I, **Daniel Louis Feder**, am the **Attorney** in the above-entitled complaint. I have read
3 the foregoing complaint and know the contents thereof. The matters alleged are
based on information and belief, which I believe to be true.

4
On February 10, 2020, I declare under penalty of perjury under the laws of the State
5 of California that the foregoing is true and correct.

6                                                                  **San Francisco, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                          -3-
27                          *Complaint – DFEH No. 202002-09215610*

28 Date Filed: February 10, 2020



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

<u>**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***</u>

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF)**, in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at·any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program.  There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO<br><br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____<br><br>**DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐   **Other ADR process (describe)** _____

**2)**   The parties agree that the ADR Process shall be completed by (date): _____
**3)**   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____


_____          _____
Name of Party Stipulating                            Name of Party Stipulating

_____          _____
Name of Party or Attorney Executing Stipulation      Name of Party or Attorney Executing Stipulation

_____          _____
Signature of Party or Attorney                         Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant        ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____          Dated: _____

☐   *Additional signature(s) attached*

ADR-2  10/18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CASE NUMBER: CGC-20-583837 VIANKA DUVERGLAS VS. HEALTH ADVANCES, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** AUG-19-2020

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.