# EXHIBIT B

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
SHANNON R. CLAWSON, CA Bar No. 273699
shannon.clawson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
HEALTH ADVANCES, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VIANKA DUVERGLAS, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. CGC-20-583837<br><br>**DEFENDANT'S NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Action Filed:     March 18, 2020<br>Trial Date:       None Set |

1  **TO PLAINTIFF VIANKA DUVERGLAS AND HER ATTORNEYS OF RECORD, AND**

2  **THE CLERK OF THE ABOVE-ENTITLED COURT:**

3         PLEASE TAKE NOTICE THAT on April 24, 2020, Defendant HEALTH ADVANCES,

4  LLC ("Defendant") removed the instant action to the United States District Court for the Northern

5  District of California.  A true and correct copy of the Notice of Removal, without exhibits, is

6  attached hereto as **Exhibit 1**.

7

8  DATED:  April 24, 2020

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

9

10

11  By:
CARA F. BARRICK
12     SHANNON R. CLAWSON

13  Attorneys for Defendant
HEALTH ADVANCES, LLC
14

15

16                                                                                 42638882.1

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF
REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
SHANNON R. CLAWSON, CA Bar No. 273699
shannon.clawson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
HEALTH ADVANCES, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANKA DUVERGLAS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF VIANKA DUVERGLAS AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant HEALTH ADVANCES, LLC ("Defendant") hereby removes the above-captioned action filed by Plaintiff VIANKA DUVERGLAS ("Plaintiff") from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and Defendant, a citizen of the state of Massachusetts; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

**I.     THE STATE COURT ACTION**

1.     This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, insofar as Plaintiff is a citizen of the state of California and Defendant is a citizen of the state of Massachusetts.

2.     On March 18, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Francisco, Case Number CGC-20-583837, entitled *Vianka Duverglas, an individual v. Health Advances, LLC, and DOES 1 through 50, inclusive.*  The Complaint asserts eight (8) causes of action, alleging: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Discrimination and/or Harassment in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Wrongful Termination in Violation of Public Policy; (5) Failure to Accommodate; (6) Failure to Engage in Good Faith Interactive Process; (7) Retaliation in Violation of Labor Code Section 1102.5; and (8) Retaliation in Violation of California Family Rights Act ("CFRA").

3.     On March 26, 2020, Plaintiff served Defendant with a copy of the Summons, Complaint, and case management and ADR documents.  True and correct copies of the documents served on Defendant and any other documents filed in the San Francisco County Superior Court are attached as **Exhibit A**.  A true and correct copy of the Notice of Filing of Removal to be filed in the San Francisco County Superior Court hereafter is attached as **Exhibit B**.  Exhibits A and B comprise all of the pleadings and papers known by Defendant to be on file or to be filed hereafter in the Superior Court.

## II.     REMOVAL IS TIMELY

4.     A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

5.     Here, the Summons and Complaint (and accompanying case management and ADR documents), are the only pleadings served by Plaintiff on Defendant in this matter.  Defendant was served with these pleadings by personal service on March 26, 2020.  Defendant filed this notice within 30 days after service and less than one year after commencement of this action.  Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446 subparts (b) and (c), and Rule 6 of the Federal Rules of Civil Procedure.

## III.     A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

6.     This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

\\\

7.    **Plaintiff is a Citizen of California.**  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile).

8.    Defendant is informed and believes that Plaintiff is a citizen of the State of California.  This belief is based on the allegation in Plaintiff's Complaint that she is a resident of California.  (*See* Complaint ¶ 1.)

9.    **Defendant is a Citizen of Massachusetts.**  Defendant is a limited liability company formed under the laws of the State of Delaware, and which has its corporate and administrative offices and its principal place of business in Massachusetts.  (Declaration of Kristen Turner ["Turner Decl."], ¶ 4.)  The sole member of Defendant is Parexel International Corporation, which is organized in the Commonwealth of Massachusetts, and which has its corporate and administrative offices and its principal place of business in Massachusetts.  (Turner Decl., ¶¶ 5-6.)  Defendant and Parexel International Corporation perform the vast majority of their executive and administrative functions at their corporate headquarters in Massachusetts, where their high-level management personnel and officers are located, and from where they direct, control and coordinate activities including, without limitation: (1) matters relating to the financing of their respective operations; (2) advertising and marketing of services; (3) directing general business strategy and operation; and (4) compliance with laws and legal services associated with such matters.  (Turner Decl., ¶ 8.)  The books and records relating to these, and other matters are directed, controlled, and coordinated from their headquarters in Massachusetts.  (Turner Decl., ¶ 8.)

10.    A limited liability company (LLC) is a form of business that resembles both partnerships and corporations.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   "Notwithstanding LLC's corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purpose of diversity jurisdiction."  *Id*. (citations omitted).  The Ninth Circuit follows the general rule that "an LLC is a citizen of every

state of which its owners/members are citizens." *Id.*  Thus, Defendant is a citizen of Massachusetts (where Parexel International Corporation is incorporated and has its principal place of business). 28 U.S.C. § 1332(c).

11.     Neither Defendant, nor its sole member (Parexel International Corporation), is a California limited liability company, California corporation, or headquartered in California. (Turner Decl., ¶ 7.)  Accordingly, Defendant is not a citizen of the State of California.

12.     **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).  As such, complete diversity of citizenship exists in this matter.

13.     **The Amount in Controversy Exceeds the Sum of $75,000.**  Defendant only needs to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum.[1]  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred.  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

14.     Based on Plaintiff's allegations in the Complaint, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000, as set forth more specifically

---

[1] By estimating the amount that Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, that she is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

below:

       a.     <u>Lost Wages.</u>  Plaintiff seeks damages for "substantial losses in earnings and employment benefits" and for "past and future loss of income, benefits and other damages to be proven at time of trial."  (Complaint ¶¶ 13, 27, 36, 53, 68.)  Plaintiff alleges that Defendant terminated her employment on June 4, 2019.  (Complaint ¶ 7.)  Plaintiff initiated this action on March 18, 2020, and served Defendant on March 26, 2020.  Based on data from "Comparison of Districts Within the Ninth Circuit – 12-Month Period Ending September 30, 2018," accessible from the United States District Courts' official website, the median time from filing to trial in a civil matter pending in this court is 30 months.[2]  Calculating 30 months from the filing of this Complaint on March 18, 2020, a trial date would be in approximately October 2022.  The elapsed time between Plaintiff's alleged termination of employment on or about June 4, 2019 and a trial date in October 2022 is approximately 40 months.  Plaintiff alleges that she earned $60,000 per year.  (Complaint ¶ 4.)  Multiplying Plaintiff's alleged annual earnings of $60,000 (i.e., $5,000 per month), Plaintiff's alleged economic damages for lost wages at the time of trial would be $200,000.  This amount alone is sufficient to meet the jurisdictional minimum.

       b.     <u>Emotional Distress.</u>  Plaintiff seeks emotional distress damages.  (Complaint ¶¶ 13, 21, 28, 37, 47, 53, and 69.)  Although Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  Emotional distress damages can be substantial, and Plaintiff put at issue an amount exceeding $75,000.  *See Trulsson v. County of San Joaquin District Attorney's Office*, 2014 WL 5472902 (E.D. Cal. 2014) (jury verdict in case involving claims for retaliation in violation of Title VII and the FEHA included $1,546,326 award for pain and suffering; and *Campbell v. Nat'l Passenger Railroad Corp.*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a

---

[2]  The URL for the webpage at which the caseload data has been published is https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2018

retaliation/wrongful termination case).

          c.    <u>Punitive Damages.</u>  Plaintiff also seeks punitive damages.  (Complaint ¶¶ 14, 22, 31, 40, 48, 54, 58 and 72.)  For the purposes of removal, the amount in controversy may include punitive damages.  *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Anthony v. Security Pac. Fin. Serv., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship,* 20 F.3d 383, 386-87 (10th Cir. 1994); *see also Simmons v. PCR Tech.*, 209 F. Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the damages alleged in plaintiff's complaint at the time of removal, which included past lost wages totaling $25,600, and unspecified amounts for future lost wages, medical expenses, emotional distress, punitive damages, and attorneys' fees, satisfied the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages," including emotional distress damages, attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).  Punitive damages may be substantial and in some cases even exceed the amount in controversy.  *Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County, Cal. Superior Court 1986) (awarding $175,000 in punitive damages on a wrongful termination claim); *Chopourian v. Catholic Healthcare West*, 2012 WL 1551728 (E.D. Cal. 2012) (entering judgment following jury verdict, discussed at 2012 WL 767196; awarding $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).

          d.    <u>Attorney's Fees.</u>  Plaintiff also claims she is entitled to attorney's fees. (Complaint ¶¶ 32, 41, 47, 73.)  The Court may consider all attorney's fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  *See Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957) (the amount claimed for attorney's fees pursuant to a statute allowing attorney's fees may be taken into account in determining whether the jurisdictional amount is involved); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of removal"); *Simmons*, 209 F.Supp.2d at

1034-35 (stating that "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred" and noting that "attorney's fees cannot be precisely calculated" but making projection of likely fees based on the court's "twenty-plus years' experience" overseeing similar cases).

An accepted method for determining attorney's fees is to award the plaintiff's attorney 25% of the individual recovery.  Indeed, the Ninth Circuit has set 25% of recovery as the "benchmark" for recovery of attorneys' fees.  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (using a benchmark of 25 percent of the plaintiffs' recovery in class actions for the presumptive amount of attorneys' fees); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) (holding that attorneys' fees should be calculated at 25% of plaintiffs' recovery).  In this case, if 25% of recovery is used as the presumptively reasonable amount for attorney's fees, the benchmark attorney's fee award for Plaintiff would equal approximately $50,000, if based upon her claim for lost wages (which, as stated above, would amount to approximately $200,000 total).  Plaintiff's alleged claim for damages related to lost wages, combined with a reasonable estimate of Plaintiff's attorney's fees over the life of this case, easily surpasses the $75,000 jurisdictional limit.

## IV.    SATISFACTION OF PROCEDURAL REQUIREMENTS

15.    As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of San Francisco, is located within the Northern District of California.  Therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 84, because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

16.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the following Exhibits A and B, which contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

17.    As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.

\\\

18.     As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff through her counsel of record.

19.     As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of San Francisco.

WHEREFORE, Defendant HEALTH ADVANCES, LLC requests that the above action now pending in the Superior Court of California, County of San Francisco, be removed therefrom to this Court.  In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement this Notice of Removal with a more detailed brief outlining the basis for this removal.


DATED:  April 24, 2020                           OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



                                                 By:  /s/ Shannon R. Clawson
                                                      CARA F. BARRICK
                                                      SHANNON R. CLAWSON

                                                      Attorneys for Defendant
                                                      HEALTH ADVANCES, LLC

                                                                                          42638264.1

DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
*Duverglas v. Health Advance, LLC, et al.*
San Francisco Superior Court Case No. CGC-20-583837

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  I am employed in the County of San Francisco in the office of a member of the bar of this court at whose direction this service was made.  My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

On April 24, 2020, I served the following document(s):

**DEFENDANT'S NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

by placing ☐ (the original) ☒ (a true copy(ies) thereof) in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Daniel Feder, Esq.<br>LAW OFFICES OF DANIEL FEDER<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>Telephone:  (415) 391-9476<br>Facsimile:  (415) 391-9432<br>daniel@dfederlaw.com | Attorney for Plaintiff<br>VIANKA DUVERGLAS |

☒ **BY MAIL:**  Addressed to the person(s) listed above with postage thereon fully prepaid, and placing it for collection and mailing on the date set forth below following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence placed for collection and mailing is deposited with the United States Postal Service at San Francisco, California, that same day in the ordinary course of business.

☐ **PERSONAL SERVICE (BY MESSENGER):**  I caused the above-entitled document(s) to be personally served upon the addressed parties listed directly above by placing the document(s) in a sealed envelope(s) to be hand-delivered by same-day messenger service.

☐ **OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY ELECTRONIC TRANSMISSION:**  Based on California Code of Civil Procedure section 1010.6, California Rules of Court 2.251 and San Francisco Superior Court Local Rule 2.11(O)(1), I served the document(s) on the person[s] at the e-mail address(es) listed above via a court approved Electronic Filing Service Provider.

Case No. CGC-20-583837
PROOF OF SERVICE

1

I declare under penalty of perjury under the laws of the State of California that the above is

2

true and correct.   Executed on April 24, 2020 at San Francisco, California.

3

4

_____

Jessica E. Libbey

5

42421643.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE