CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
SHANNON R. CLAWSON, CA Bar No. 273699
shannon.clawson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
HEALTH ADVANCES, LLC

Daniel Feder (SBN 130867)
daniel@dfederlaw.com
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94014
Telephone:  (415) 391-9476
Facsimile:   (415) 391-9432

Attorney for Plaintiff
VIANKA DUVERGLAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIANKA DUVERGLAS, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.  3:20-cv-02849-TSH<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Action Filed:    March 18, 2020<br>Trial Date:       None Set<br>Magistrate Judge: Hon. Thomas Hixson |

Pursuant to Federal Rules of Civil Procedure 26(f), a Planning Conference was held between Daniel Feder, counsel for Plaintiff Vianka Duverglas ("Plaintiff") and Shannon Clawson, counsel for Defendant Health Advances, LLC ("Defendant").  The Parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure, Rule 26, the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9 and the Court's Order Setting Initial Case Management Conference and ADR Deadlines [Dkt. 6].

**1.      JURISDICTION AND SERVICE**

Plaintiff filed this action in the San Francisco County Superior Court.  Defendant removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff Vianka Duverglas is a citizen of California and Defendant Health Advances, LLC is a citizen of Massachusetts.  The amount in controversy in this action exceeds $75,000.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and Northern District of California Local Rule 3-2(d) in that the acts giving rise to Plaintiff's claims occurred within this district.

All parties have been served and provided with notice of the Complaint.

**2.      FACTS**

**(a)     Plaintiff's Facts:**

Plaintiff was employed by Defendant beginning on September 5, 2018,  as an Office Administrator, on a full-time basis.  Plaintiff was earning $60,000.00 per year.  Plaintiff's immediate supervisor was Vivek Mittal ("Vivek").  Defendant employed approximately 150 employees,  at three locations throughout the Bay Area, Massachusetts and Switzerland.  Plaintiff worked in the San Francisco office, located at 601 Montgomery Street, San Francisco, CA .

On April 13, 2019; Plaintiff was injured and was diagnosed with a torn ACL and ruptured meniscus.  On April 14, 2018, Plaintiff immediately informed Vivek and other colleagues of the injury, and informed Defendant that she would be off of work April 13, 2019 through April 22, 2019. from physician/Ortho specialist.  Additionally, Defendant was sent a medical note from Plaintiff's doctor, informing of the injury, and stated that "this return to work date is based on expected clinical progress and may need to be modified based on actual clinical progress"

1  (essentially when she could walk properly without pain and further damage to her knee).

2  On or about April 16, 2019 Plaintiff received a response to her email. Initially, the response
3  from HR and her supervisor was positive.  They wished her a speedy recovery and she informed
4  them that she would keep Defendant updated with clinical progress.April 23, 2019 Defendant sent
5  email to plaintiff about needing a "Fitness for Duty to Return to Work Form". Plaintiffs physician
6  returned the form stating that plaintiff will be off of work through May 6th, 2019. Plaintiff returned
7  to work on Monday May 6th, 2019. Plaintiff was scheduled for surgery on May 30, 2019. Plaintiffs
8  last day of work before surgery was May 17, 2019. On June 4, 2019 Defendant sent an email of
9  termination to plaintiff stating the office manager position was insufficient for a full time position.
10  As a result the office administrator position was terminated with Health Advances.

11  **(b)    Defendant's Facts:**

12  From about September 2018 until about June 2019, Defendant employed Plaintiff as an
13  office administrator in San Francisco.

14  Defendant denies the allegations in Plaintiff's Complaint and denies violating any laws.
15  Defendant denies discriminating against Plaintiff based on her disability or any other legally
16  protected category or status.  Defendant denies failing to engage in the interactive process and
17  failing to provide reasonable accommodations to Plaintiff.  Defendant denies retaliating against
18  Plaintiff for engaging in any protected conduct.  Defendant terminated Plaintiff's employment for
19  legitimate, non-discriminatory, non-retaliatory reasons.

20  **3.    LEGAL ISSUES**

21  On March 18, 2020, Plaintiff filed an unverified Complaint against Defendant in the
22  Superior Court of the State of California, County of San Francisco.  The Complaint asserts seven
23  causes of action: (1) disability discrimination in violation of the California Fair Employment and
24  Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of FEHA; (3) retaliation
25  in violation of FEHA; (4) wrongful termination; (5) failure to accommodate in violation of FEHA;
26  (6) failure to engage in the good faith interactive process in violation of FEHA; and (7) retaliation
27  in violation of Labor Code section 1102.5.

28

**(a)     Plaintiff's Legal Issues:**

- Whether Plaintiff was a qualified person entitled to reasonable accommodation;
- Whether Defendant discriminated against Plaintiff because of her disability in violation of the FEHA;
- Whether Defendant failed to prevent discrimination in violation of the FEHA;
- Whether Defendant retaliated against Plaintiff in violation of the FEHA;
- Whether Defendant wrongfully terminated Plaintiff's employment in violation of public policy;
- Whether Defendant reasonably accommodated Plaintiff;
- Whether the parties engaged in the good faith interactive process required by FEHA;
- Whether Defendant retaliated against Plaintiff in violation of Section 1102.5 of the California Labor Code;
- Whether Defendant terminated Plaintiff's employment for legitimate, non-discriminatory, non-retaliatory reasons;
- Whether Plaintiff's action is barred, in whole or in part, by one or more of Defendant's affirmative defenses;
- Whether Plaintiff suffered damages as a result of Defendant's alleged conduct;
- Whether Plaintiff failed to mitigate her damages;
- The amount of damages caused by Defendant's conduct;
- Whether Defendant's conduct was fraudulent, malicious, or oppressive as to warrant an award of punitive damages

**(b)     Defendant's Legal Issues:**

- Whether Plaintiff was a qualified person entitled to reasonable accommodation;
- Whether Defendant discriminated against Plaintiff because of her disability in violation of the FEHA;
- Whether Defendant failed to prevent discrimination in violation of the FEHA;
- Whether Defendant retaliated against Plaintiff in violation of the FEHA;

- Whether Defendant wrongfully terminated Plaintiff's employment in violation of public policy;
- Whether Defendant reasonably accommodated Plaintiff;
- Whether the parties engaged in the good faith interactive process required by FEHA;
- Whether Defendant retaliated against Plaintiff in violation of Section 1102.5 of the California Labor Code;
- Whether Defendant terminated Plaintiff's employment for legitimate, non-discriminatory, non-retaliatory reasons;
- Whether Plaintiff's action is barred, in whole or in part, by one or more of Defendant's affirmative defenses;
- Whether Plaintiff suffered damages as a result of Defendant's alleged conduct;
- Whether Plaintiff failed to mitigate her damages;
- Whether Defendant has other defenses to Plaintiff's respective allegations/claims;
- Whether Plaintiff's action is frivolous and/or unreasonable so as to award attorneys' fees against her.

4. **MOTIONS**

There are no motions pending at this time.  Defendant anticipates filing (1) discovery motions, as needed, (2) a motion for summary judgment, or in the alternative, a motion for partial summary judgment, and (3) motions in limine.

5. **AMENDMENT OF PLEADINGS**

The parties do not anticipate any amendment of the pleadings.

6. **EVIDENCE PRESERVATION**

The Parties have taken all reasonable steps to preserve evidence potentially relevant to this matter and will continue to comply with their preservation obligations.

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have begun to meet and confer pursuant to Federal Rules of Civil Procedure, Rule 26(f), regarding reasonable and proportionate steps taken to

preserve evidence relevant to the issues reasonably evident in this action.

**7.   DISCLOSURES**

On May 22, 2020, Defendant served its initial disclosures pursuant to General Order No. 71.

On June 19, 2020, Plaintiff served her initial disclosures pursuant to General Order No. 71.

On June 29, 2020, Defendant sent Plaintiff a meet and confer letter regarding certain deficiencies within Plaintiff's disclosures and requested that Plaintiff supplement her disclosures by July 6, 2020.

**8.   DISCOVERY**

The parties have not served any formal written discovery requests at this time.

When the parties commence discovery, Defendant intends to serve written discovery requests and to take the deposition of Plaintiff and any expert Plaintiff discloses.  Defendant may take additional depositions after reviewing Plaintiff's written discovery responses.

Defendant plans to propose that the parties enter into a stipulated protective order to protect, for example, confidential and private information of Defendant and its current and/or former employees.

The parties do not presently propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, without any prejudice to any party's right to seek such changes later either by stipulation or court order.

The parties have considered entering into this Court's Model Stipulated Order Re: Discovery of Electronically Stored Information in Standard Cases.  Although the parties have not yet agreed to enter into the order, they will continue to consider it and will meet and confer on the issue as needed.

The parties propose a discovery plan in the "Scheduling" section below.

Defendant has contended that Plaintiff's General Order No. 71 disclosures are deficient and requested Court intervention after these meet and confer efforts: Plaintiff's responses were due on May 22, 2020.  Defendant emailed Plaintiff on June 1 and June 5; left a phone message on June 8; emailed on June 8; left another phone message on June 9; and emailed on June 9.  On June 9,

Plaintiff replied by email, promising General Order 71 responses by June 19. Defendant received the responses on June 19, but they were deficient. On June 29, Defendant sent a letter to Plaintiff outlining the deficiencies but Plaintiff did not respond. On July 8, Defendant sought Court intervention. Plaintiff has agreed to supplement the General Rule 71 disclosures, where appropriate, before the Case Management Conference.

### 9. CLASS ACTIONS

Not applicable.

### 10. RELATED CASES

As of the date of filing this Joint Case Management Statement, the parties are unaware of any related proceedings or cases pending before other judges of this court or before any other court.

### 11. RELIEF

**(a) Plaintiff:**

Plaintiff seeks general and special damages for her past and future losses of wages and benefits, emotional distress, attorney's fees and costs, and punitive damages.

**(b) Defendant**

Defendant maintains that Plaintiff has not been damaged by any impermissible act or omission of Defendant. Plaintiff is not entitled to any relief whatsoever. Defendant seeks the following relief: (1) that Plaintiff take nothing by reason of her Complaint; (2) that Plaintiff's Complaint be dismissed in its entirety with prejudice; (3) that judgment be entered in favor of Defendant; (4) for costs of suit incurred in defense of this suit; (5) for reasonable attorneys' fees incurred in defending this suit; and (6) for such other and further relief as the Court deems just and proper.

Insofar as this Court requires "any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established," Defendant disputes that liability can be established and disputes that any damages can or should be awarded, and Defendant objects to any use of this statement to establish any basis for alleged but non-existent damages. Notwithstanding, Defendant agrees that Plaintiff's wage rate at the time of her

separation from her employment with Defendant was about $24.29 per hour.

### 12. SETTLEMENT AND ADR

With respect to the settlement procedures set forth in Civil Local Rule 16-8 and ADR Local Rule 3-5, Defendant has contacted Plaintiff several times to discuss alternative dispute resolution. To date, Plaintiff has not responded to Defendant.

Defendant would consider private mediation with a mutually agreed upon mediator provided the parties split the cost.  Defendant would also consider mediation through the Northern District's ADR Unit.

Defendant proposes that ADR occur within 90 days from the Court's Order.

To position the parties to negotiate a resolution, Defendant will need, without limitation, Plaintiff's complete General Order 71 disclosures.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On May 5, 2020, Defendant filed its consent to proceed before a Magistrate Judge.

On July 8, 2020, Plaintiff filed her consent to proceed before a Magistrate Judge.

### 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

Defendant intends to request bifurcation of any claim for punitive damages.

The parties intend to revisit the possibility of narrowing the issues after conducting some discovery.

### 16. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is appropriate for the expedited trial procedure.

### 17. SCHEDULING

The Parties propose the following schedule:

- Non-expert discovery deadline:          Thursday, April 30, 2021
- Expert disclosure and report deadline:  Thursday, May 27, 2021
- Rebuttal expert disclosure and report:  Thursday, June 24, 2021

|   |   |
|---|---|
| • Dispositive motion hearing deadline: | Thursday, August 26, 2021 |
|   | (last day to be heard) |
| • Expert discovery deadline: | Thursday, September 9, 2021 |
| • Pretrial conference: | Thursday, September 30, 2021 |
| • Trial: | Monday, November 1, 2021 |

### 18. TRIAL

Plaintiff requested a jury trial.  The parties anticipate the trial will last approximately 5 court days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 24, 2020, Defendant filed its Certification of Interested Entities or Persons pursuant to Local Rule 3-15.  Defendant restates the contents of its certification here: Defendant states that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) The sole member of Health Advances, LLC is Parexel International Corporation.

### 20. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER

Not applicable.

Dated:  July 16, 2020                                               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Shannon R. Clawson*
       CARA F. BARRICK
       SHANNON R. CLAWSON
       Attorneys for Defendant
       HEALTH ADVANCES, LLC

Dated: July 16, 2020    Law Offices of Daniel Feder

By: */s/ Daniel Feder*
DANIEL FEDER

Attorneys for Plaintiff
VIANKA DUVERGLAS

### ATTESTATION OF CONCURRENCE IN FILING

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained.

Dated: July 16, 2020    By: */s/ Shannon R. Clawson*
Shannon R. Clawson

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____                    _____
                                               UNITED STATES MAGISTRATE JUDGE

43387656.2

43532723.1