CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
SHANNON R. CLAWSON, CA Bar No. 273699
shannon.clawson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415-442-4810
Facsimile: 415-442-4870

Attorneys for Defendant
HEALTH ADVANCES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANKA DUVERGLAS, an individual, | Case No. 3:20-cv-02849-TSH |
| Plaintiff, | **NOTICE OF FILING ANSWER** |
| v. | |
| HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive, | Complaint filed: March 18, 2020<br>Trial Date: March 21, 2022 |
| Defendants. | |

PLEASE TAKE NOTICE that on April 24, 2020, Defendant Health Advances, LLC ("Defendant") filed with the California Superior Court for the County of San Francisco Defendant's Answer to Plaintiff's Complaint. A true and correct copy of Defendants' Answer is attached hereto as <u>Exhibit A</u>.

Dated: July 24, 2020            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: <u>*/s/ Shannon R. Clawson*</u>
     CARA F. BARRICK
     SHANNON R. CLAWSON

Attorneys for Defendant
HEALTH ADVANCES, LLC

43637302.1

1
Case No. 3:20-cv-02849-TSH
NOTICE OF FILING ANSWER

# EXHIBIT A

| | |
|---|---|
| 1 | CARA F. BARRICK, CA Bar No. 303107 |
| 2 | cara.barrick@ogletree.com<br>SHANNON R. CLAWSON, CA Bar No. 273699 |
| 3 | shannon.clawson@ogletree.com<br>OGLETREE, DEAKINS, NASH, SMOAK & |
| 4 | STEWART, P.C.<br>Steuart Tower, Suite 1300 |
| 5 | One Market Plaza<br>San Francisco, CA  94105 |
| 6 | Telephone:     415-442-4810<br>Facsimile:      415-442-4870 |
| 7 | Attorneys for Defendant |
| 8 | HEALTH ADVANCES, LLC |

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/24/2020**
**Clerk of the Court**
**BY: MADONNA CARANTO**
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VIANKA DUVERGLAS, an individual,<br><br>           Plaintiff,<br><br>      vs.<br><br>HEALTH ADVANCES, LLC, and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. CGC-20-583837<br><br>**DEFENDANT HEALTH ADVANCES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:    March 18, 2020<br>Trial Date:       None Set |

Defendant HEALTH ADVANCES, LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff VIANKA DUVERGLAS ("Plaintiff") in the above-referenced matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every purported allegation and cause of action contained in Plaintiff's unverified Complaint, and further denies, generally and specifically, that Plaintiff has been damaged in the amount or amounts alleged therein, or in any amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

Defendant alleges the affirmative defenses set forth herein as to each and every cause of action and claim for relief asserted in the Complaint unless specified otherwise. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

The Complaint is vague, ambiguous, indefinite and uncertain, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Therefore, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant expressly reserves the right to amend or supplement the affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The causes of action alleged in the Complaint, or some of them, are barred, in whole or in part, by the applicable statutes of limitation, including, without limitation California Code of Civil Procedure sections 335.1, 338, 340(c), and 343, and California Government Code sections 12960 and 12965(b) (as well as any other statutes that might include applicable time bars), except to the extent any such claims may be tolled.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3. The causes of action alleged in the Complaint, including specifically Plaintiff's first through sixth causes of action and eighth cause of action, are barred because Plaintiff failed to timely exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the United States Equal Employment Opportunity Commission ("EEOC") before bringing those claims or filing this lawsuit, as required by law, and/or those causes of action, or some or parts of them, are not within the reasonable scope of any administrative charge allegedly filed by Plaintiff against Defendant, and/or that those causes of action rely on allegations which were not contained in timely complaints filed with the DFEH and/or the EEOC. Defendant is informed and believes and thereon alleges that Plaintiff filed an administrative charge with the DFEH on or about February 10, 2020. Any and all claims or alleged conduct which occurred prior to one year before the filing of Plaintiff's administrative charge, or not within the time period that may have been tolled, are barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

4. Plaintiff's prayers for damages of any kind, including general, special, compensatory, and/or punitive damages, regarding each cause of action stated in Plaintiff's Complaint are barred under California law by the doctrine of avoidable consequences as set forth in, without limitation, *State Department of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, on the grounds that Defendant took reasonable steps to prevent and correct workplace

discrimination and retaliation; Plaintiff unreasonably failed to make use of her employer's preventive and corrective measures for discrimination and retaliation; and the reasonable use of Defendant's procedures would have prevented some or all of Plaintiff's alleged harm.

## FIFTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

5. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant was exercising its legal rights or protecting its economic interests, Defendant's conduct was lawful and consistent with community standards, and Defendant had a good faith belief that it had a legal right to engage in the conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Same Decision)

6. The Complaint and each cause of action alleged therein are barred, in whole or in part, because to the extent that Plaintiff can prove that any mixed motive discrimination or retaliation occurred (all of which Defendant denies), the same decision would have been made anyway for non-discriminatory or non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

7. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its conduct toward Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. Defendant alleges, on information and belief, that Plaintiff's claims are barred, in whole or in part, to the extent she has failed to exercise reasonable diligence to mitigate the damages alleged. For example and without limitation, the following allegations are likely to have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery: To the extent Plaintiff is seeking to recover lost wages, Plaintiff could, by exercise of

reasonable diligence, have found and retained employment substantially similar to her employment with Defendant subsequent to her separation from employment.

### NINTH AFFIRMATIVE DEFENSE

**(Setoff)**

9. Defendant alleges that some or all of the purported causes of action in the Complaint are subject to setoff, offset, or recoupment.

### TENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

10. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Defendant through discovery.

### ELEVENTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

11. Plaintiff's claims are barred, in whole or in part, to the extent Defendant has discovered, or will discover, additional evidence indicating that Plaintiff has engaged in conduct before or while employed that precludes or limits her assertion of the claims for relief and/or damages presented in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**(Laches)**

12. Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part, by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Waiver)**

13. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff is estopped by her own acts, omissions, representations and/or courses of conduct from asserting the causes of action upon which she seeks relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers' Compensation Laws)

15. Plaintiff was Defendant's employee and alleges that she was injured while performing job duties. Defendant had workers' compensation insurance or was self-insured for workers' compensation claims at the time of Plaintiff's alleged injuries. Therefore, if Plaintiff suffered any physical and/or emotional injuries related to her work for Defendant, her exclusive remedy for such injuries is provided by the California Workers' Compensation Act, Labor Code § 3200, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Standing – California Family Rights Act)

16. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, where Plaintiff lacks standing to seek relief under the California Family Rights Act ("CFRA") because she was not eligible for benefits under the CFRA, for example, where Defendant did not employ 50 or more employees within 75 miles of Plaintiff's workplace during the relevant time period and/or where Plaintiff did not have more than 12 months of service with Defendant and/or Plaintiff had not worked at 1,250 hours for Defendant during the previous 12 months.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Certification From Healthcare Provider)

17. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, to the extent that Defendant informed Plaintiff in writing that it required written certification from Plaintiff's healthcare provider to grant or extend leave and Plaintiff failed to provide the required certification.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fitness for Duty Statement)

18. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, to the extent that Defendant had a uniformly applied practice or policy requiring employees on leave because of their own serious health condition to provide a written statement from their healthcare provider that they are able to return to work, and Plaintiff failed to provide Defendant with a written statement from her healthcare provider of her fitness to return to work.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

19. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because Defendant would have terminated Plaintiff's employment regardless of whether Plaintiff had continued to work during the period of her medical leave, and Plaintiff's medical leave was not a reason for terminating Plaintiff's employment.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Undue Hardship)

20. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because even if Defendant had denied Plaintiff a reasonable accommodation (which Defendant denies doing), the proposed accommodation did not have to be provided because the proposed accommodation would have created an undue hardship.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Health And Safety Risk)

21. Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, because even with reasonable accommodations, Plaintiff was unable to perform essential job duties without endangering her health and safety and/or the health and safety of others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to State Claim – Punitive Damages)

22. Plaintiff's claim for punitive damages fails to state a claim under California Civil Code § 3294. Defendant did not have advance knowledge of the unfitness of any officer, director,

or managing agent. Defendant did not employ any such person with conscious disregard of the rights and safety of others, nor did it authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages. To the extent any of the wrongful conduct Plaintiff alleges in the Complaint occurred (which Defendant denies), these acts were neither performed nor ratified by any of Defendant's managing agents, directors, or officers.

## RESERVATION OF RIGHTS

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of said investigation and study.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That the Court enter judgment for Defendant and against Plaintiff on all alleged claims;

4. That the Court award Defendant its attorneys' fees and costs of suit; and

5. That the Court grant Defendant such other and further relief as the Court deems just and proper.

DATED: April 24, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Cara F. Barrick
CARA F. BARRICK
SHANNON R. CLAWSON

Attorneys for Defendant
HEALTH ADVANCES, LLC

**PROOF OF SERVICE**
*Duverglas v. Health Advance, LLC, et al.*
San Francisco Superior Court Case No. CGC-20-583837

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. I am employed in the County of San Francisco in the office of a member of the bar of this court at whose direction this service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

On April 24, 2020, I served the following document(s):

**DEFENDANT HEALTH ADVANCES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

by attaching and/or placing ☐ (the original) ☒ (a true copy(ies) thereof) a .PDF and/or in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Daniel Feder, Esq.<br>LAW OFFICES OF DANIEL FEDER<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>Telephone: (415) 391-9476<br>Facsimile: (415) 391-9432<br>daniel@dfederlaw.com | Attorney for Plaintiff<br>VIANKA DUVERGLAS |

☐ **BY MAIL:** Addressed to the person(s) listed above with postage thereon fully prepaid, and placing it for collection and mailing on the date set forth below following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence placed for collection and mailing is deposited with the United States Postal Service at San Francisco, California, that same day in the ordinary course of business.

☐ **PERSONAL SERVICE (BY MESSENGER):** I caused the above-entitled document(s) to be personally served upon the addressed parties listed directly above by placing the document(s) in a sealed envelope(s) to be hand-delivered by same-day messenger service.

☐ **OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒ **BY ELECTRONIC TRANSMISSION:** Based on California Code of Civil Procedure section 1010.6, California Rules of Court 2.251 and San Francisco Superior Court Local Rule 2.11(O)(1), I served the document(s) on the person[s] at the e-mail address(es) listed above via a court approved Electronic Filing Service Provider.

Case No. CGC-20-583837
DEFENDANT HEALTH ADVANCES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 24, 2020 at San Francisco, California.

_____
Jessica E. Libbey

42637901.1